# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-50378
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL RAMIREZ-JIMENEZ,

Defendant - Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2901-1

————

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Ramirez-Jimenez challenges the 63-month sentence imposed following his jury-trial conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He contends the within-Guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals provided in 18 U.S.C. § 3553(a). Along that line, Ramirez maintains, because Sentencing Guideline § 2L1.2 (for illegal reentry)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

effectively double-counts a defendant's criminal record, the advisory Guidelines-sentencing range overstated the seriousness of his non-violent offense, which he claims is only an international trespass.  He also contends the advisory Guidelines-sentencing range and the district court failed to account for his personal history and circumstances, including his motive for returning to the United States (allegedly fleeing armed kidnappers), his ties to Mexico (his wife and work), and his reduced risk of recidivism.  Finally, Ramirez asserts the district court failed to explain properly why a 63-month sentence was reasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Ramirez does not claim procedural error, but contends only that the sentence imposed was substantively unreasonable.  "A discretionary sentence imposed within a properly calculated [G]uidelines [sentencing] range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

At the sentencing hearing, the district court considered Ramirez' request for a downward variance and ultimately concluded a sentence at the bottom of the applicable advisory sentencing range was appropriate, based on the circumstances of the case and the § 3553(a) factors.  The district court considered Ramirez' mitigation contentions (especially his motive for

2

returning), presented at the sentencing hearing and on appeal, and the court adequately explained its reasons for imposing the 63-month sentence. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008) (discussing similar mitigating factors and district court's rejection of those contentions); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008) (same). Further, our court has rejected the oft-repeated claims that double-counting necessarily renders a sentence unreasonable and that the Guidelines overstate the seriousness of illegal reentry. *See United States v. Duarte*, 569 F.3d 528, 529–30 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Ramirez, therefore, has failed to rebut the above-referenced presumption of reasonableness applied to his 63-month, within-Guidelines sentence.

AFFIRMED.